D. H. OVERMYER WAREHOUSE CO., et al., Appellants,

v.

Ray SMITH and Charles G. Sillman, d/b/a Smith & Sillman, Appellees.

Court of Appeals of Kentucky.

March 13, 1970.

Thomas W. Bullitt, Richard W. Iler, Robert L. Baird, Bullitt, Dawson & Tarrant, Louisville, for appellant.

Robert L. Ackerson, Richard D. Remmers, Ackerson & Ackerson, Louisville, for appellees.

CLAY, Commissioner.

This suit was brought to enforce mechanics' liens against property owned by appellant D. H. Overmyer Warehouse Co. (hereinafter Overmyer). Ultimately it involved only appellants' claimed setoff of $2700 against the balance of $4070 owing to appellees. Appellees' claim was allowed and the setoff was denied.

Appellant Nixon was the general contractor for the construction of a warehouse for Overmyer. Appellees were masonry and concrete subcontractors. The subcontract provided that the determination of the owner's (Overmyer's) engineer "as to whether the work performed hereunder is acceptable shall be final". Appellees were to be paid $40,700, of which $36,630 had been paid prior to the institution of this action.

Appellees' work was completed on September 3, 1966. On that date they met with Nixon's general superintendent and went over a check or "punch" list for the correction of several items, which were taken care of to the satisfaction of the superintendent. No one consulted Overmyer's engineer.

Appellees' claim was filed January 4, 1967. By answer of appellants filed February 10, 1967, it was alleged that appellees had not completed their work because of certain deficiencies. It subsequently appeared that Overmyer's engineer had inspected the premises on January 23, 1967, and he testified he had found several relatively minor objectional items. At a hearing before a commissioner he estimated the cost of satisfactory completion to be between $2500 and $3000.

The binding effect of the provision in the contract that the engineer's acceptance of performance should be final was not pleaded by appellants and apparently was not considered by the Chancellor. The

findings of fact were in substance that the deficiencies found by the engineer were not sufficiently specific and his estimates of the costs of correction were so uncertain that appellants had failed to prove their setoff claim of $2700.

 On appeal it is appellants' position that the engineer's determination of acceptability and his cost estimates for satisfactory completion were conclusively binding on appellees and, therefore, the offset claim should have been allowed. In our opinion the failure of appellant to invoke within a reasonable time the provision of the contract relating to the engineer's acceptance constituted a waiver of it.[1]

Appellees' work had been completed to the satisfaction of the general contractor's superintendent four months before the engineer made any inspection. The entire construction job had been completed about two months before. At no time prior to trial, even by the pleadings in this lawsuit, were appellees advised that the work was not acceptable to the engineer. It was not until over a year after appellees had left the job, when the engineer testified, that appellees learned it was not acceptable to him. If appellants intended to invoke this provision of the contract, good faith would have required them to give appellees reasonable and timely notice of nonacceptance. Such notice was not given, and on this record appellants must be deemed to have waived this provision.

Green River Steel Corp. v. Globe Erection Company, Ky., 294 S.W.2d 507 (1956), is pertinent here. That case involved extra work under a construction contract which provided that appellant's engineer's decision with respect to such work should be final. It was held that where the parties proceed throughout the performance of such a contract without reference to such a provision, there is a waiver. It was also held that where such engineer does not present his determination until the time of trial, his testimony is not conclusive.

By their pleading appellants pitched their offset claim on the ground that appellees had breached their contract by failure to fully perform. That was the issue tried by the Chancellor. On the proof presented, there was substantial evidence that appellees had completed acceptable performance in spite of evidence to the contrary. Under CR 52.01 these findings should not be set aside unless clearly erroneous. We do not find them to be such.

The judgment is affirmed.

All concur.

---

1. We have considered the pleading problem and do not find any difficulty in that respect.